UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Roz Alexander-Kasparik, as an individual and in her capacity as the Conservator of David Rector, <br><br> Plaintiffs, <br><br> v. <br><br> Trilogy Real Estate Management; Simon Levi LLC; and Does 1-10, inclusive, <br><br> Defendants. | Case No.:  15cv291 AJB (NLS) <br><br> **REPORT AND RECOMMENDATION FOR ORDER TO DISMISS THIS CASE WITHOUT PREJUDICE FOR LACK OF ATTORNEY REPRESENTATION** |

Roz Alexander-Kasparik, while represented by counsel, filed this housing discrimination case as an individual in her capacity as the conservator of David Rector. Early in the case the district judge granted Plaintiffs' counsel's motion to withdraw from the case.  This court then held an Early Neutral Evaluation (ENE), where Plaintiffs attended without counsel.  Given that Ms. Alexander-Kasparik is not an attorney and is serving as a conservator for Mr. Rector, the court ordered Plaintiffs to substitute in counsel before the Case Management Conference (CMC).  But Plaintiffs still did not have counsel by the time of the CMC.  The court then set a follow-up CMC and gave Plaintiffs more time to find counsel.  Because Plaintiffs still have not retained counsel, the court set this Order to Show Cause (OSC) hearing for why this case should not be dismissed for Plaintiffs' lack of attorney representation.

On November 3, 2015, the court held an OSC hearing.  Roz Alexander-Kasparik appeared in her capacity as conservator for David Rector.  Jennifer Branch appeared for Defendants.  For the following reasons, the court **RECOMMENDS** that the district judge **DISMISS this case without prejudice.**

**Relevant Background.**

David Rector is an individual who tragically fell ill with an aortic dissection and consequent brain injury, quadriplegia and speech loss.  Pls.' OSC Response, pp.1-2.  Practically speaking, Mr. Rector cannot speak or move.  Compl. ¶ 8.  He uses an oversized manual wheelchair to accommodate his disabilities.  Compl. ¶ 13.  The wheelchair must be reclined and his legs elevated and extended at all times, or he risks losing his left dialysis access or may need to have his foot amputated.  *Id.*

Plaintiffs moved into the Simon Levi Building on July 15, 2013, onto the third floor.  Compl. ¶ 14.  Plaintiffs say that one of the reasons they chose that building is because it has a large freight elevator that can accommodate Mr. Rector's oversized wheelchair.  ¶ 15.  After moving in, Plaintiffs asked Defendants for permission to use the freight elevator as an accommodation for Mr. Rector's disability, as Mr. Rector cannot use the regular elevator without considerable pain and difficulty.  Compl. ¶¶ 18-20.  Defendants refuse to do so.  Compl. ¶ 18.  Plaintiffs note that other tenants are allowed to use the freight elevator for moving purposes or when the regular passenger elevator breaks down.  Compl. ¶ 21.

Plaintiffs, represented by Michelle Uzeta of the Center for Disability Access, filed the complaint on February 11, 2015.  They then filed a motion for a preliminary injunction, which the court agreed to hear on April 14, 2015 under a shortened time schedule.  Dkt. Nos. 11, 13.  The court then continued the hearing to May 7, 2015, to encourage the parties to work out a reasonable accommodation.  Dkt. No. 16.  The parties then submitted supplemental briefing, and the court vacated oral argument for the hearing.  Dkt. No. 22.  On May 7, 2015, the court issued an order denying the motion for preliminary injunction, finding that Plaintiffs were not likely to succeed in this case.  Dkt.

1   no. 24.

2       Shortly after the order denying the motion for preliminary injunction and before

3   the ENE, Ms. Uzeta filed an ex parte motion to withdraw from representation, stating that

4   Plaintiffs consented to the withdrawal.  Dkt. No. 26.[1]  Judge Whelan granted the

5   unopposed ex parte application.  Dkt. No. 29.  Meanwhile, this court continued the ENE

6   so as to allow Plaintiffs time to retain new counsel.  Dkt. Nos. 28, 35.  Plaintiffs then

7   filed a notice that they intended to proceed pro se.  Dkt. No. 30.  Shortly after the filing of

8   that notice, Judge Whelan recused from this case and it was ultimately reassigned to

9   Judge Battaglia.

10      The court held an ENE on July 30, 2015.  At the time the court advised Plaintiffs

11  that they must substitute in counsel by August 31, 2015.  Dkt. No. 36.  Plaintiffs did not

12  do so.  At a CMC held on September 4, 2015, the court again extended the deadline for

13  Plaintiffs to retain counsel, and warned them that if they did not, the court would have to

14  set an OSC for why the case should not be dismissed.  Dkt. No. 39.

15      Plaintiffs have made significant efforts to find counsel, calling more than 50

16  attorneys nationwide, calling several bar association referral services, and have written to

17  foundations and state agencies in order to find any lawyer to take this case.  Pls.' OSC

18  Response, pp.4-5.  They have had no success.  *Id.*  Consequently, this court set the OSC

19  hearing.

20  **Discussion.**

21      In general, "[w]hile a non-attorney may appear pro se on his own behalf, '[h]e has

22  no authority to appear as an attorney for others than himself.'" *Johns v. County of San*

23  *Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (quoting *C.E. Pope Equity Trust v. United*

24  *States*, 818 F.2d 696, 697 (9th Cir.1987)).  Any party that appears pro se must be "the

25  actual beneficial owner of the claims being asserted[.]"  *C.E. Pope Equity Trust*, 818 F.2d

26

27  _____

28  [1] Plaintiffs were served with the ex parte motion to withdraw but did not file a response.
    Dkt. No. 26.

at 697 (dismissing without prejudice a case brought by a non-attorney trustee on behalf of a trust).  While parties have the right to litigate their own cases personally in federal court, they have no authority to appear on behalf of others.  28 U.S.C. § 1654; *Simon v. Hartford Life, Inc.*, 546 F.3d 661 (9th Cir. 2008) (holding that section 1654 limits civil litigants to pleading and conducting their own cases personally).  The Ninth Circuit explains that "the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities."  *Id.* at 664.

Specifically, a non-attorney guardian cannot bring a lawsuit pro se on behalf of a minor or conservatee because the issue "'falls squarely within the ambit of the principles that militate against allowing non-lawyers to represent others in court.'"  *Johns*, 114 F.3d at 877 (quoting *Brown v. Ortho Diagnostic Sys.*, Inc., 868 F.Supp. 168, 172 (E.D.Va.1994)).  The policy underlying the rule aims to protect the minor's or conservatee's interests:

> [T]he sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others.
> ***
> It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys.  Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.

*Id.* (quoting *Osei–Afriyie v. Medical College*, 937 F.2d 876, 882–83 (3d Cir.1991)); *see Gordon v. Williams*, 2010 WL 2557213 (C.D. Cal. May 6, 2010) (noting that "the rationale behind this prohibition is that the minor's or incompetent's right to trained legal assistance outweighs the parent's or guardian's right to appear *pro se*").[2]

---

[2] The court notes that some Local Rules in other districts in this circuit expressly prohibit an individual from delegating his or her right to sue to someone who is not an attorney.  *See, e.g.,* Central District of California, Local Rule 83-2.2.1:

> Any person representing himself or herself without an attorney must appear *pro se* for such purpose.   That representation may not be delegated to any

Here, Roz Alexander-Kasparik, the only named plaintiff in this case, filed this case in her capacity as the conservator of David Rector.  She is not an attorney.  The law is well established in this circuit that non-attorneys have no authority to represent others in a lawsuit.  *Johns*, 114 F.3d at 876; *C.E. Pope Equity Trust*, 818 F.2d at 697.  And because he is the subject of a conservatorship, Mr. Rector cannot represent himself in this case.  *See* Fed. R. Civ. Proc. 17(c).

The proper way to proceed with this action is to dismiss it without prejudice.  *See Johns*, 114 F.3d at 876 (dismissing without prejudice a federal civil rights case brought on behalf of a minor by his father); *C.E. Pope Equity Trust*, 818 F.2d at 697 (dismissing without prejudice a case brought pro se by a trustee); *Osei–Afriyie*, 937 F.2d 876 (remanding claims brought by a non-attorney parent on behalf of his minor children so that either counsel may be appointed or claims could be dismissed without prejudice).

**Order.**

For the foregoing reasons, this court **RECOMMENDS** that this case be **DISMISSED without prejudice**.

The Court submits this Report and Recommendation to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

No later than **November 20, 2015**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

Any reply to the objections shall be filed with the Court and served on all parties no later than **November 30, 2015**.  The parties are advised that failure to file objections within the specified time may waive the right to those objections on appeal of the Court's

---

other person – even a spouse, relative, or co-party in the case.  A non-attorney guardian for a minor or an incompetent person must be represented by counsel.

order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  November 6, 2015

Hon. Nita L. Stormes
United States Magistrate Judge

15cv291 AJB (NLS)