UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROZ ALEXANDER-KASPARIK, as an individual and in her capacity as the Conservator of DAVID RECTOR,<br><br>Plaintiffs,<br><br>v.<br><br>TRILOGY REAL ESTATE MANAGEMENT; SIMON LEVI LLC; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 15cv291 AJB (NLS)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE WITHOUT PREJUDICE FOR LACK OF ATTORNEY REPRESENTATION**<br><br>**(Doc. No. 44)** |

This housing discrimination matter was filed on February 11, 2015, by Plaintiff Roz Alexander-Kasparik ("Plaintiff") as an individual and in her capacity as the conservator of David Rector while represented by counsel. (*See* Doc. Nos. 1, 44.) After initiating suit against Defendants Trilogy Real Estate Management and Simon Levi LLC ("Defendants"), Plaintiff's counsel filed a motion to withdraw as counsel, which was unopposed by Plaintiff and subsequently granted by the Court. (Doc. Nos. 26, 29.) Thereafter, Plaintiff was provided with time to obtain new counsel, but after repeated attempts to do so, has been unable to obtain representation. (Doc. No. 44 at 3.)

After multiple continuances of time for Plaintiff to obtain representation, the Court set

an order to show cause regarding why this matter should not be dismissed for failure to obtain attorney representation. (*Id.*) Thereafter, Magistrate Judge Stormes issued a Report and Recommendation ("R&R") recommending the Court dismiss Plaintiff's claims without prejudice for failure to obtain attorney representation. (*Id.*) The R&R specifically recommends dismissal because Plaintiff filed this matter in her capacity as the conservator of David Rector and well-established law in the Ninth Circuit precludes non-attorneys from representing others in a lawsuit. (*Id.* at 5) (citing cases). The R&R set a deadline for objections of November 20, 2015, and a deadline for a reply to any objections of November 30, 2015. (*Id.*) Neither Plaintiff nor Defendants have filed an objection to the R&R, and a review of Plaintiff's response to the order to show cause demonstrates Plaintiff requests dismissal without prejudice given her inability to obtain counsel. (*See* Doc. No. 42 at 1.)

      A district judge "may accept, reject, or modify the recommended disposition" on a dispositive matter prepared by a magistrate judge proceeding without the consent of the parties for all purposes. Fed.R.Civ.P. 72(b); *see* 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions of the report to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of objection(s), the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes (1983); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (noting § 636(b)(1) "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise") (emphasis in original).

///

///

In the absence of objection and for the reasons set forth in the R&R, the Court concludes dismissal without prejudice is appropriate and thus **ADOPTS** the R&R and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims for lack of attorney representation.

**IT IS SO ORDERED**.

Dated: November 24, 2015

Hon. Anthony J. Battaglia
United States District Judge